Pettibone, J.,
delivered the opinion of the Court.
This was an appeal from a final decree of the St. Louis Circuit Court, setting as a Court of Chancery. The hearing was on bill and answer. The hill slated that a judgment had been obtained in.the St. Louis Circuit Court, against the said Richard Campbell and John Campbell, on a note, signed by John Campbell & Co. That the said Richard was not in partnership with the said John Campbell, nor did he ever execute the said note, or know any thing of it. That he was not served with process in the said suit, nor did he have any notice of the said suit or judgment, until an execution was taken out against him. That a joint plea was filed by an attojv *232 ney of the Court, for the said John Campbell and Richard Campbell, but without the knowledge or'consent of the said Richard. The bill concludes with a prayer for an injunction, and for a subpoena to the defendant to answer. The injunction was granted. Upon the coming in of the answer, which admits none of the facts stated in the bill, the cause was, by consent, taken up for final hearing on bill and answer, and a decree was granted, making the injunction perpetual. An appeal was taken from this decree. There is no doubt but that the decree must bo reversed. There is no evidence sent up to warrant such a decree j nor could any evidence have been given in the Court below, as no replication has been put in. The bill and answer do> not justify the decree.
The only difficulty which we have in the case, is, to know what disposition to make of it here. The facts detailed in the bill show, that the Court ought not to take jurisdiction of it for the purposes of general relief. It is a proceeding auxiliary to the common law proceeding, for the purposes of preventing a particular injustice. The relief which the Court below ought to have given, was an injunction upon the judgment at law, until the said Richard Campbell could have an opportunity to apply to the Court, where the judgment was rendered, to be let in to make his defence; or the Court of Chancery might take jurisdiction, so far as to ascertain the fact, whether the defendant’s appearance had been entered by mistake ; and if that fact was found, might then order that the defendant should be let into a trial in the suit at law. But we do not believe that it belongs legitimately to the Court of Chancery, to decide upon the merits of the plaintiff’s demand against the defendant. That belongs to a court of law. If the defendant has been prevented, by mistake, or unavoidable accident, from making his defence, a Court of Equity may relieve him, by ordering a new trial at law.
A decree for a perpetual injunction, then, never ought to be made in a ease of this kind. The injunction should only continue, until defendant could try his rights at law. And it is here strictly a proceeding auxiliary to a suit at law, temporary in its nature, and never properly to be set for a final hearing. When the temporary object for which it was obtained, is answered, it should be dismissed.
The injunction having been obtained, and disposed of on final hearing, the bill seems to have run its course, and to have had its operation. And we do not see how it can regularly be sent back again, for any further hearing. We think the only correct course this Court can take with it, is, to reverse the decree of the Court below, making the injunction perpetual. And that a defcree be entered against the said Richard Campbell and his securities, on the injunction bond, for the amount of the money enjoined! But under the statement and admissions which have been made on the argument of this cause, we are disposed to dismiss the bill, without prejudice, and to stay the execution of the decree until the next term of this Court, that the said complainant may have another opportunity to apply to the Court below, for the aid which he thinks he is entitled to, and which he has by some means failed to obtain in this first proceeding.